D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DEVON RODNEY,

                           Petitioner,                            **MEMORANDUM & ORDER**

                     -against-                                   11-CR-00303-3 (NGG)
                                                                  16-CV-3418 (NGG)

UNITED STATES OF AMERICA,


                           Respondent.
-----------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Devon Rodney brings this pro se petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 (the "Petition"). (See Mot. to Vacate ("Pet.") (Dkt. 585).) Petitioner argues that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), he is entitled to relief from his conviction for brandishing a firearm in connection with assault with a dangerous weapon in aid of racketeering under 18 U.S.C. § 924(c). (See Pet.) For the following reasons, the Petition is DENIED.

I.      **BACKGROUND**

Petitioner was a leader of a criminal organization identified as the "Six Tre Outlaw Gangsta Disciples Folk Nation" ("Six Tre"). (See Pet'r Sentencing Mem. ("Sent. Mem.") (Dkt. 129).) This organization operated in the Ebbets Field housing projects in the Flatbush area of Brooklyn for several years. (Id.) While Petitioner led the organization, its members were responsible for numerous acts of gang-related violence, including homicides, non-fatal shootings, and commercial robberies in and around Flatbush and elsewhere. (Id.)

On November 21, 2013, Petitioner pleaded guilty to Counts One and Thirteen of the Superseding Indictment, which charged racketeering, in violation of 18 U.S.C. § 1962(c), and

1

charged Petitioner with using, carrying, and brandishing a firearm during and in relation to an assault with a deadly weapon in aid of racketeering, in violation of 18 U.S.C. § 924(c)(1)(a)(ii). (See Nov. 21, 2013 Min. Entry (Dkt. 104); Superseding Indictment (S-3) ("Sup. Ind.") (Dkt. 71) ¶¶ 6-7, 11, 14, 45.) In pleading guilty to racketeering, Petitioner allocuted to Racketeering Act 4 (attempted murder, in violation of New York Penal Law §§ 125.25(1), 110.00, and 20.00), and Racketeering Act 7 (Hobbes Act Robbery Conspiracy, in violation of 18 U.S.C. § 1951(a)). (See Nov. 21, 2013 Min. Entry; Sup. Ind. ¶¶ 11, 14.) In pleading guilty to Count Thirteen, Petitioner allocuted to the fact that a firearm was possessed and brandished in connection with the attempted murder of a rival gang member known by the street name of "Wrinkles"; this is the same incident that was charged in Count Twelve as an assault with a dangerous weapon in aid of racketeering. (See Nov. 21, 2013 Min. Entry; Sup. Ind. ¶¶ 43-45.) On March 12, 2014, Petitioner was sentenced to 156 months of imprisonment on Count One of the Superseding Indictment under 18 U.S.C. § 1962(c), and 84 months of imprisonment on Count Thirteen of the Superseding Indictment under 18 U.S.C. § 924(c)(1)(A)(ii). (See J. (Dkt. 134).)

On June 23, 2016, Petitioner filed the instant petition, arguing that, in light of Johnson, "the crime of assault in aid of racketeering no longer qualifies as a 'crime of violence' . . . [which is] an essential element of the conviction for brandishing a firearm." (Pet. at 5.) Petitioner further argues that "[a]ssault in aid of racketeering does not qualify under the so called 'residual clause' of §924(c)" and "is not a crime of violence under the 'force clause' of § 924(c) because it does not necessarily require as an element either, (1) the presence of violent physical force, or (2) the intentional employment of such force." (Id.) The court ordered the Government to respond on January 29, 2019 (see Jan. 29, 2019 Order (Dkt. 593)), and it did so on February 28, 2019. (See Resp. in Opp'n to Mot. to Vacate ("Gov't Resp.") (Dkt 594).)

2

## II. DISCUSSION

### A. Waiver of Collateral Attack

In his plea agreement, Petitioner agreed "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, [his] conviction or sentence in the event the [c]ourt imposes a term of imprisonment of 377 months or below." (Plea Agreement (Dkt. 594-1) ¶ 4.) The Government argues that this waiver precludes the instant collateral challenge, and that the Petition should therefore be denied in its entirety. (See Gov't Resp. at 3.) The court agrees.

"With limited exception, courts will enforce a knowing and voluntary waiver of the right to appeal and collateral attack." Collier v. United States, No. 10-CR-820-2 (NGG), 2019 WL 296767, at *12 (E.D.N.Y. Jan. 23, 2019); see also Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016) ("While plea agreements are to be applied narrowly and construed strictly against the government, exceptions to the presumption of the enforceability of a waiver . . . occupy a very circumscribed area of our jurisprudence." (alteration in original) (internal citation and quotation marks omitted)). "A defendant who executes such a waiver may not make a collateral challenge to his sentence or conviction based on events that occurred prior to entry of the guilty plea." Collier, 2019 WL 296767, at *12; see also Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008). "While a voluntary waiver of collateral attack is generally enforceable, a criminal defendant does not waive the right to appeal or collateral attack on the basis that 'the plea itself, including the waiver, was not intelligent or voluntary.'" Collier, 2019 WL 296767, at *13 (quoting United States v. Ritter, 700 F. App'x 10, 11 (2d Cir. 2017) (summary order)).

Therefore, Petitioner may not collaterally challenge his conviction under his plea agreement based on events that occurred prior to his negotiation and acceptance of his plea. See Collier, 2019 WL 296767, at *13. Petitioner has not alleged that he failed to understand the

3

offense to which he was pleading due to ineffective assistance of counsel, nor that the waiver was otherwise not intelligent or voluntary. Rather, he argues that his conviction under 18 U.S.C. § 924(c) must be overturned because of a change in law announced by the Supreme Court after his conviction. (See Pet. at 5 (arguing that "[a]fter Johnson . . . , the crime of assault in aid of racketeering no longer qualifies as a 'crime of violence.'").) Despite Johnson, however, Petitioner's collateral attack waiver remains enforceable, as a change in law does not constitute grounds to disregard a plea agreement's collateral attack waiver. See Collier, 2019 WL 296767, at *15-16; Sanford, 841 F.3d at 580 ("[A] defendant's "inability to foresee [a change in the law] does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." (alteration in original) (internal citation and quotation marks omitted)). Petitioner's Johnson claim is thus barred by the terms of his plea agreement.

B. Petitioner's Johnson Claim

Even if Petitioner had not waived his right to raise a collateral attack, his claims fail on the merits. The version of 18 U.S.C. § 924(c)(3) applicable at the time of sentencing defines "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Paragraph (A) is commonly known as either the "force clause" or the "elements clause." Paragraph (B) is commonly known as the "residual clause" or "risk-of-force clause." To prevail on his Johnson claim, Petitioner must show that the crimes he was convicted of fall under neither the "force clause" nor the "residual clause." See Thomas v. United States,

No. 13-CR-158 (ARR), 2018 WL 3094936, at *3 (E.D.N.Y. June 22, 2018). Therefore, even if § 924(c)(3)(B)'s "residual clause" is unconstitutionally vague, Petitioner will not prevail on his claim if his conviction of assault in aid of racketeering falls under § 924(c)(3)(B)'s "force clause."

Petitioner argues that "[a]ssault in [a]id of [r]acketeering is not a crime of violence under the 'force clause' of § 924(c) because it does not necessarily require as an element either, (1) the presence of violent physical force, or (2) the intentional employment of such force." (See Pet. at 5.) The court disagrees. In interpreting "violent physical force" of Section 924(c)(3)(A), courts look to Johnson v. United States, 559 U.S. 133, 139-40 (2010) ("Johnson I"), which interpreted the physical force component of ACCA's similarly-worded "force clause" as meaning "simply 'violent force—that is, force capable of causing physical pain or injury to another person.'" Hill, 890 F.3d at 58; see also Stokeling v. United States, 139 S. Ct. 544, 553 (2019) ("[T]he force necessary to overcome a victim's physical resistance is inherently 'violent' in the sense contemplated by Johnson [I] and 'suggest[s] a degree of power that would not be satisfied by the merest touching.'" (citation omitted)).

In "determining whether a[ particular] offense is [considered] a 'crime of violence' under" the "force clause" of § 924(c), courts in the Second Circuit "employ a 'categorical approach.'" United States v. Ivezaj, 568 F.3d 88, 95 (2d Cir. 2009) (quoting United States v. Acosta, 470 F.3d 132, 135 (2d. Cir. 2006)); see also United States v. Hill, 890 F.3d 51, 55 (2d Cir. 2018) (applying the categorical approach after Johnson I). This approach "focus[es] on the intrinsic nature of the offense rather than on the circumstances of a particular crime," Ivezaj, 568 F.3d at 95 (quoting Acosta, 470 F.3d at 135), and, when applying the categorical approach, courts examine what the offense necessarily entailed, rather than "the facts underlying the case,"

5

Moncrieffe v. Holder, 569 U.S. 184, 190 (2013). Thus, the court "must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized, and then determine whether even those acts are encompassed by the generic federal offense." Id. at 191 (alterations in original) (quoting Johnson, 559 U.S. at 137). Hence, "an offense is a crime of violence within the meaning of § 924(c)(3)'s force clause only if it necessarily involves the use, attempted use, or threatened use of physical force against the person or property of another." Thomas, 2018 WL 3094936, at *11 (emphasis in original) (citing Moncrieffe, 569 U.S. at 190).

Brandishing and using a gun during an assault in aid of racketeering necessarily involves the use of force that is capable of causing physical pain or injury to another person. This is because "use, attempted use, or threatened use of physical force," 18 U.S.C. § 924(c)(3), invovles the use of "violent force—that is force capable of causing physical pain or injury to another." Hill, 890 F.3d at 58-60 (quoting Johnson I, 559 U.S. at 140). The use of a firearm during an assault is clearly capable of causing serious physical pain or injury to another individual. Cf. United States v. Walker, 442 F.3d 787, 788 (2d Cir. 2006) ("[C]ategorically, his conviction [of attempted assault in the second degree] involved an attempt to cause physical injury by means of a deadly weapon or dangerous instrument. To (attempt to) cause physical injury by means of a deadly weapon or dangerous instrument is necessarily to (attempt to) use 'physical force,' on any reasonable interpretation of that term, and necessarily creates 'a serious potential risk of physical injury to another.'" (citations omitted)); see also United States v. Solorzano, No. 12-CR-236 (GPC), 2017 WL 2172211, at *3 (S.D. Cal. May 17, 2017) (finding that "assault with a deadly weapon in aid of racketeering . . . [is a] crime[] of violence . . . under the force clause of § 924(c).").

Petitioner has not provided any evidence to the contrary. He has not shown that assault in aid of racketeering has ever been applied in the absence of actual, attempted, or threatened force. See Hill, 890 F.3d at 59 (rejecting a defendant's argument that Hobbs Act robbery is not a crime of violence because the defendant failed to show that in either "his own case or other cases," the Hobbs Act had ever been applied in the absence of actual, attempted, or threatened force, so as to demonstrate a "realistic probability" that Hobbs Act robbery was not categorically a violent crime); see also Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007) (holding that showing a predicate conviction is not categorically a crime of violence "requires more than the application of legal imagination to . . . [a] statute's language"). Brandishing a gun during an assault in aid of racketeering is therefore categorically a crime of violence under the "force clause" of § 924(c).

Moreover, the Second Circuit has held that conspiracy to commit an assault in aid of racketeering is a crime of violence. See United States v. Barrett, 903 F.3d 166, 175 (2d Cir. 2018) ("[I]t has long been the law in this circuit that a conspiracy to commit a crime of violence is itself a crime of violence under 18 U.S.C. § 924(c)(3)." (citing United States v. Desena, 287 F.3d 170, 181 (2d. Cir. 2002) (concluding that conspiracy to commit assault in aid of racketeering is a crime of violence))). If the conspiracy to commit assault in aid of racketeering is a crime of violence, surely the substantive act itself is a crime of violence as well.

## III. CONCLUSION

For the foregoing reasons, the Petition (Dkt. 585) is DENIED. Further, this court has considered all of Petitioner's arguments and considers them to be without merit. Because the Petitioner has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). In addition, this court certifies under

7

28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully DIRECTED to mail a copy of this order by certified mail, return receipt requested, and by regular mail with proof of mailing, to pro se Petitioner Devon Rodney at his address of record.

SO ORDERED.

Dated: Brooklyn, New York
June 19, 2019

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge